**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | : | |
| **SEARCH OF:** | : | **CASE NO:** |
| | : | |
| **Eight Cellular Telephones and One Pager,** | : | |
| **For Information Contained Within, Seized** | : | |
| **During the Execution of Search Warrants** | : | |
| **and Arrests of \*\*\*\* \*\*\*\* and \*\*\*\*\* \*\*\*\*\*** | : | |
| **For Violation of Title 21 U.S.C. § 846** | : | |

_____

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION**

     I, James D. Armstrong, a Special Agent with the United States Drug Enforcement

Administration, having been duly sworn, state as follows:

     1.     I am a Special Agent with the United States Drug Enforcement

Administration (DEA), and I am presently assigned to the Washington Field Division. I

have been a Special Agent with DEA for a period of nine years and nine months.  As a

Special Agent with DEA, I have initiated and participated in numerous drug

investigations, including ones involving the use of court-authorized Title III intercepts.

Additionally, I have authored numerous affidavits in support of search and seizure

warrants and arrest warrants, which have resulted in the seizure of controlled dangerous

substances and in the arrests and convictions of drug distributors.  Moreover, I have

received training in how to conduct investigations using the court-authorized electronic

surveillance of telephones and paging devices.  Through investigations and training, I

have become familiar with the use by drug traffickers of pagers and telephones to

communicate, the patterns of activity of drug traffickers, the types and amounts of profits

made by drug dealers, and the methods, language and terms that are used to disguise the

source and nature of the profits from their illegal drug dealings.

2.      In your affiant's training and experience, it is common for narcotic traffickers to utilize cellular telephones to facilitate communications, while concealing their true location, between themselves, their suppliers and their customers.  In your affiant's training and experience it is common for narcotic traffickers to utilize these telephones because of their mobility, their relative security, and their belief that law enforcement has more difficulty intercepting the telephone calls.  Cellular telephones also sometimes keep a record of the most recent calls that were made from and received by the cellular telephone.

3.      In conducting their illegal business, drug traffickers use electronic paging devices, commonly referred to as "pagers" or "beepers," to further their illegal activities.  Such devices allow persons to communicate electronically with the assistance of a touch tone telephone.  Each pager is assigned a telephone number and other unique attributes.  A person calling a pager number from a touch tone telephone can communicate with the person possessing the pager by entering a series of numbers at the sound of an electronically transmitted signal, which is typically one or more "beeping" sounds.  The numbers which the caller enters are then electronically transmitted to the person in possession of the pager.  The numbers appear on the digital display of the pager.  Callers typically enter a telephone number at the sound of the beep, thereby signaling the person in possession of the pager to telephone the number.  Drug traffickers also frequently transmit pre-arranged numerical codes to the pager at the sound of the beep to identify themselves or to otherwise communicate information, such as price or quantity of drugs, to the person in possession of the pager.  Upon receiving a page, the person in possession

2

of the pager typically either telephones the designated phone number or returns a message to the original caller by calling that person's pager. Accordingly, criminally-related telephone conversations frequently occur over telephone lines identified by the paging individual, shortly after a page is sent. Drug traffickers use pagers to further their illegal activities by identifying telephones, including cellular phones and public or pay phones, over which they can have a criminally-related conversation. The use of pagers in this way significantly limits the possibility that the resulting criminally-related telephone conversation will be intercepted by law enforcement authorities. Pagers also enable co-conspirators to remain in constant or ready communication with one another without restricting either party to a particular telephone or location with which they might be subject of physical surveillance by law enforcement authorities. Pagers keep a record of the most recent pages that were received by the pager.

    4.    Your affiant believes there is probable cause to search the telephones and the pager specified below and seeks the court to issue a search warrant for such telephones and pager in order to promptly retrieve and analyze all information stored therein.

    5.    This affidavit is made in support of an application for a search warrant for eight cellular telephones and one pager that were recovered from: 1) **** ******** *****, ***********, ( , Apartment ***; 2) *** ********** *****, ********, **, Apartment #***; and 3) **** *** ****** ******, ****** ******, **. These locations were searched on October 28, 2004 and a copy of the affidavit in support of those search warrants is attached hereto and incorporated herein by reference. During the execution of those search warrants on October 28, 2004, eight cellular telephones and one pager were

seized from the following locations:

**\*\*\* \*\*\*\*\*\*\*\*\*\* \*\*\*\*\*, \*\*\*\*\*\*\*\*\*, \*\*, Apartment #\*\*\***

1.  Sprint Cellular telephone, Model: PM-8200(S), ESN: 045020685926,

Telephone number: (\*\*\*) \*\*\*-\*\*\*\*, Subscribed to \*\*\*\*\* \*\*\*\*\*

2.  Sprint Cellular telephone, Model: PM-8200(S), ESN: 04504285497,

Telephone number: (\*\*\*) \*\*\*-\*\*\*\*

**\*\*\*\* \*\*\* \*\*\*\*\*\* \*\*\*\*\*\*, \*\*\*\*\*\* \*\*\*\*\*\*, \*\***

1. Sprint Cellular Telephone, Model: SCP-5150, ESN 24713196602,

Telephone Number: (\*\*\*) \*\*\*-\*\*\*\*, Subscribed to \*\*\*\* \*\*\*\*

2. Sprint Cellular Telephone, Model: SCP-5150, ESN 24713723060,

Telephone Number: (\*\*\*) \*\*\*-\*\*\*\*

3. Sprint Cellular Telephone, Model: SCP-5150, ESN 24700862212

4. Sprint Cellular Telephone, Model: Palm Power, ESN 09600081496

5. Motorola Pager, Serial Number: DIGIT51002

**\*\*\*\* \*\*\*\*\*\*\*\* \*\*\*\*\*, \*\*\*\*\*\*\*\*\*\*\*, \*\*, Apartment \*\*\***

1.  Motorola Cellular Telephone, Model: ESN 25209837285

2.  Sprint Cellular Telephone, Model: SPH-A460, ESN 06305537424

In addition to these telephones and pager, agents executing the search warrants on

October 28, 2004 recovered multiple handguns, a cocaine press used to package

kilograms of cocaine with cocaine residue on it, large quantities of United States

currency, expensive jewelry, a digital scale with cocaine residue, and several luxury

automobiles.

4

6.    Based on your affiant's training and experience and the training and experience of other law enforcement officers, your affiant knows that it is common for individuals engaged in the distribution of controlled substances to utilized telephonic communications, such as cellular telephones to further their criminal activities by coordinating efforts of co-conspirators.  These telephones have address books that contain the names, telephone numbers and other information about their coconspirators in the narcotics business.  The pager may have the telephone numbers and coded communications of their coconspirators in the narcotics trade.

7.    This affidavit only contains such information as is necessary to show that there is probable cause to believe that fruits and evidence of the following crimes, specifically, (i) possession with the intent to distribute and the distribution of controlled substances, in violation of 21 USC § 841(a)(1); (ii) conspiracy to commit such offenses, in violation of 21 U.S.C. § 846, will be found in the target items.

8.    Unless otherwise noted, whenever in this affidavit your affiant asserts that a statement was made by an individual, that statement is described in substance and in part, and is not intended to be verbatim recitation of such statement.  Moreover, this affidavit is not intended to include each and every fact and matter known to the government relating to the subject matter of this investigation.  Instead, this affidavit contains only those facts that are necessary to establish that there exists probable cause that the fruits and evidence of the above-reference criminal violations will be found in the target items.

5

## PROBABLE CAUSE

9.      On May 18, 2004, a Title III interception of wire communications for ****** *****'s cellular telephone (***)***-**** was initiated.  The Sprint cellular telephone was subscribed to ****** ***** but was used by ****** *****.  During the course of the interception, **** **** of **** *** ****** ******,******* ******, ** was identified as the cocaine source of supply for ****** *****.   **** **** was intercepted using (***) ***-****.

10.  On July 29, 2004 a Title III interception of wire communications for **** ****'* Sprint cellular telephone (***) ***-**** was initiated. The Sprint cellular telephone was subscribed  to **** ****.  On October 28, 2004, during the execution of a search warrant at **** *** ****** ******, ****** ******, ** the Sprint cellular telephone (***) ***-**** was seized.  Additionally, three other cellular telephones and one pager were seized from that address.

11.     During the course of the Title III intercept, **** was known to use **** **************, **********, **, Apartment *** (parent's apartment).  On October 28, 2004, during the execution of a search warrant at that address, one Sprint cellular telephone and one Motorola cellular telephone were seized.

12.     During the interception of ****'s cellular telephone, ***** *****  was identified as an associate of ****. ***** was intercepted using various cellular telephones including (***) ***-****. On October 28, 2004, during the execution of a search  warrant at *** ********** *****, *********, **, Apartment #*** the following Sprint cellular telephones were seized: (***) ***-****  subscribed to ***** ***** and (***) ***-**** with an unknown subscriber.

6

13.    On August 11, 2004, pursuant to the ongoing Title III on telephone number (***)***-****, utilized by **** ****, agents developed information that **** and *****  were conducting a drug transaction.  Agents intercepted numerous phone calls from the telephone number (***)***-**** which indicated that **** and ***** were meeting at Uhland Terrace.  During the final call, **** stated that he was in his area of Uhland Terrace, NE sitting in his car.

14.    Agents observed **** and ***** sitting in *****'s vehicle, a green, 2002 Cadillac Escalade bearing MD tag ******* registered to ****** **** *********. Moments later, agents stopped the vehicle in the 400 block of Rhode Island Ave., NE, Washington, DC.

15.    Subsequent to the stop, agents searched the vehicle.  A Glock 17 pistol was seized in the arm rest of the back seat, and a quantity of cocaine was seized from behind a false panel in the center console of the vehicle.  Agents also searched **** and seized approximately $3,400 in U.S. currency.

16.    On October 28, 2004, agents executed search warrants at **** ******** *****, ***********, **, Apartment ***, *** ********** *****, *********, **, Apartment #***, and **** *** ****** ******, ****** ******, **.   During the execution of the search warrants eight cellular telephones and one pager were recovered. The target telephones and the pager were seized by agents for evidence and taken to the Washington, Field Division of the DEA and have been kept secure since their seizure. Although the undersigned does not believe that a search warrant is necessary to search these cellular telephones and pager since they were lawfully seized pursuant to authorized search warrants, your affiant submits this request out of an abundance of

caution.

17.    Based on the foregoing, there is probable cause to believe that between June 2004 and October 2004, within the District of Columbia and elsewhere, **** **** and ***** ***** utilized the seized cellular telephones and pager in the knowing and intentional  distribute five or more kilograms of cocaine in violation of Title 21, United States Code, Section 846, and these devices contain information relevant to the charges pending against them.  Your affiant seeks authorization to charge up the telephones and the pager and to retrieve all information stored therein.


_____
James D. Armstrong
Special Agent
Drug Enforcement Administration


Sworn and subscribed to before me
on this _____ day of November, 2005.


_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

8